**ASHLAND OIL, INC., Plaintiff,**

v.

**Ted W. GLEAVE, Defendant.**

**No. CIV–85–1515E.**

United States District Court,
W.D. New York.

July 15, 1987.

Franklin W. Heller, Buffalo, N.Y., for plaintiff.

David R. Knoll, Buffalo, N.Y., for defendant.

ELFVIN, District Judge.

This is an appeal from a final order of United States Bankruptcy Judge Beryl E. McGuire. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

Defendant Gleave filed a petition August 2, 1982 for relief under Chapter 11. The proceedings were converted January 11, 1984 to a case under Chapter 7. Ashland Oil, Inc. ("Ashland") November 19, 1982 filed its proof of claim against Gleave in the amount of $1,593,800.88. Its claim is based upon alleged losses sustained as a result of a series of thefts of gasoline by Gleave. The United States Internal Revenue Service ("IRS") filed a proof of claim as a creditor of Gleave in the amount of $580,480.22. Ashland asserts, based upon alleged statements made by the Trustee, that there are approximately $400,000 worth of assets in the debtor's bankruptcy estate.

Ashland commenced an adversary proceeding November 30, 1982 to have the debt owed to it by Gleave declared non-dischargeable pursuant to 11 U.S.C. § 523. After having its motion for summary judgment denied, it moved for an order requiring Gleave to file an objection to the IRS's claim and for a hearing and determination of such objection prior to a trial on the merits of Ashland's complaint regarding dischargeability of the debt owed to it by Gleave. Judge McGuire filed an Order November 22, 1986 denying Ashland's motion. An accompanying Memorandum stated that

"While it is true that a debtor may have standing to file an objection to a creditor's claim, it is hardly a debtor's duty to do so. Indeed, if any purpose would be served by objecting to a claim, it is the trustee's duty to do so."

The Bankruptcy Court also noted that it was "aware of no legal or equitable principle which would compel a debtor to file an objection to one creditor's claim so as to assist another creditor in determining how it wishes to pursue a non-dischargeability complaint against that debtor."

This Court agrees with Judge McGuire. Gleave is likely a party in interest under 11 U.S.C. § 502 and thus likely has standing to object to the IRS's claim. However, the Trustee, who is charged with a duty to represent all creditors and to object to such claims as may be improper, also is an interested party capable of objecting to the IRS's claim. Ashland has not explained adequately whether it had petitioned the Trustee and whether the Trustee had declined to object. Under the circumstances this Court does not find that the Bankruptcy Court erred in declining to exercise its equitable powers to direct Gleave to object to the IRS's claim.

Accordingly, it is hereby ORDERED that Ashland Oil, Inc.'s appeal is denied.